## WILLIAM WILLIAMS *against* JOHN GLENN.

### IN ERROR.

In an action of trespass *quare clausum fregit*, and carrying away goods, a recovery of five dollars damages by the plaintiff, will entitle him to recover full costs.

ERROR to Crawford county.

This was an action of trespass brought by *John Glenn* against *William Williams*. The plaintiff in his declaration set out his cause of action to be, "that the defendant broke and entered his close, took and carried away two hundred pounds of flour," to his damage, &c.

The defendant pleaded not guilty.

The cause was referred to arbitrators, at the instance of the plaintiff, who reported in his favor, five dollars damages: for which judgment was entered. The plaintiff took out an execution for debt and costs.

The defendant moved in the Court below, that the execution be set aside so far as respects the costs; which motion was refused.

At a previous term, *Green*, for plaintiff in error, assigned this error: "That the judgment does not carry costs, therefore the execution for costs is erroneous."

No appearance for plaintiff in error.

*J. S. Riddle* for defendant in error.

The twenty-sixth section of the one hundred dollar law, does not require an affidavit to be filed, in actions of trespass. In this case a justice would have no jurisdiction, *Masteller* v. *Trimbly*, 6 *Binn.* 33. 1 *Browne*, 331. In these cases the principle was established, that a justice has jurisdiction only in cases where the injury consequent upon the trespass is immediate to real or personal property. The act of the 22 and 23 *Car.* 2, which provides, that in the event of a recovery of a sum less than forty shillings, there shall be no more costs than damages, does not apply to trespass *quare clausum fregit*. 1 *Salk.* 208. *Bull. nisi prius*, 329. 3 *Wils.* 319.

Judgment and execution affirmed.